FILED
CLERK
4/7/2015 10:23 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY,
a/s/o GEORGE LAGOGIANNIS,

                  Plaintiffs,

      -against-

UNITED STATES POSTAL SERVICE,

                  Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**
**14-CV-5799 (SJF)**

FEUERSTEIN, District Judge:

The United States Postal Service ("USPS") has moved to dismiss Liberty Mutual Insurance Company's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is **GRANTED** and the complaint is dismissed.

**I.**     **Background**

The complaint alleges that George Lagogiannis was insured by plaintiff on July 6, 2013, when he was in a motor vehicle accident with a USPS postal truck. Compl. ¶ 4. On or about July 6, 2013, plaintiff filed an administrative claim ("claim") against USPS, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2679(b)(1), alleging it sustained twelve-thousand, four-hundred, ninety-three dollars and twenty-seven cents ($12,493.27) in damages. *Id.* at ¶¶ 6, 13; Dec. Coffey, Exh. A. USPS received plaintiff's claim on September 19, 2013 and, on October 25, 2013, sent a certified letter ("letter") denying the claim and advising plaintiff that if it disagreed with the decision, it had to commence a lawsuit in the United States District Court no later than six (6) months from the date of the letter. Dec. Coffey, Exh. C. Plaintiff received the

-1-

letter on October 29, 2013, *id.* at ¶ 6 and exh. D, and filed this case on October 3, 2014 (DE 1). USPS seeks to dismiss the claim for lack of subject matter jurisdiction and plaintiff has not opposed the motion.

## II.   Discussion

### A.   Legal Standard

Pursuant to Article III, § 2 of the United States Constitution, the jurisdiction of the federal courts is limited to "Cases" and "Controversies," which "restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.' " *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982)).  Thus, federal courts require that a party have a legally cognizable interest in a case's outcome to "ensure[] that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.*

Where there is no case or controversy, FRCP 12(b)(1) provides that a party may move to dismiss a case for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). In order to survive a defendant's motion to dismiss for lack of subject matter jurisdiction, a plaintiff must allege facts "that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In deciding such a motion, the Court may consider materials beyond the pleadings, *Makarova*, 201 F.3d at 113, and must "accept as true all material factual allegations in the complaint," *Atl. Mut.*

*Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

**B.     USPS' 12(b)(1) Motion**

Title 28 U.S.C. § 1346(b)(1) provides that the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Title 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred . . . unless [an] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

An action against a governmental agency is deemed to be an action against the United States and thus, the United States is the proper defendant and is substituted for USPS. *See Akande v. United States Postal Serv.*, No. 12 Civ. 6034, 2013 WL 587204, at *2 (S.D.N.Y. Feb. 13, 2013) (holding that in an FTCA action, the USPS cannot be sued in its own name and substituting the United States as defendant).

The letter denying plaintiff's claim is dated October 25, 2013 and therefore the time to file a complaint in the district court expired April 25, 2014. Plaintiff's complaint was filed October 3, 2014 and, accordingly, is time-barred. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with [28 U.S.C. § 2401(b)'s] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim").

**III.    Conclusion**

Based upon the foregoing, USPS' motion to dismiss plaintiff's complaint for lack of

subject matter jurisdiction pursuant to FRCP 12(b)(1) is **GRANTED**, the conference set for April 8, 2015 is canceled and the Clerk of the Court shall close this case.

**SO ORDERED**.

Dated: April 7, 2014
       Central Islip, New York

/s/
Sandra J. Feuerstein, U.S.D.J.